**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 06-3251

GREGORY A. NOVOSEL,

Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 04-CR-20145-KHV)**

---

Submitted on the motion:[*]

Elizabeth C. Burke, Shook, Hardy & Bacon L.L.P., Kansas City, Missouri, for Defendant-Appellant.

Eric F. Melgren, United States Attorney, Marietta Parker, Assistant United States Attorney, Kansas City, Kansas, for Plaintiff-Appellee.

---

Before **KELLY**, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

---

**PER CURIAM**.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of the motion and appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Gregory A. Novosel pled guilty to one count of conspiracy to manufacture and possess more than 100 marijuana plants in violation of 21 U.S.C. §§ 841 and 846, and one count of aiding and abetting the use of a firearm during and in relation to and in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924. He did so pursuant to a plea agreement that included a waiver of his right to appeal. Novosel filed a notice of appeal and the government has now moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Under the terms of the plea agreement accepted by the district court, Novosel "knowingly and voluntary waive[d] any right to appeal or collaterally attack any matter in connection with [his] prosecution, conviction or sentence." Plea Agreement at 7 (filed Oct. 18, 2005). More specifically, he waived "any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court." *Id.* The district court sentenced Novosel to sixty months' imprisonment on each count, to be served consecutively. This sentence was at the statutory mandatory minimum of not less than five years' imprisonment for each count. Novosel states in his docketing statement that he seeks to raise on appeal three ineffective assistance of counsel claims, two claims

of sentencing error, and a claim that he did not knowingly and voluntarily enter into the plea agreement.

In *Hahn*, this court held that a waiver of appellate rights will be enforced if (1) "the disputed appeal falls within the scope of the waiver of appellate rights;" (2) "the defendant knowingly and voluntarily waived his appellate rights;" and (3) "enforcing the waiver would [not] result in a miscarriage of justice." 359 F.3d at 1325. The miscarriage-of-justice prong requires the defendant to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. at 1327 (quotations omitted). The government's motion to enforce addresses all of these considerations, asserting that none of them undermines defendant's appeal waiver.

As a threshold matter, Novosel contends that the government's motion to enforce the appeal waiver was untimely filed under 10th Cir. R. 27.2(A)(3), which provides that such motions "must be filed within 15 days after the notice of appeal is filed." The cited rule also allows for late filing "upon a showing of good cause," and, upon review of the government's motion and reply brief, we conclude that cause has been shown for the delayed filing here.

Turning to the merits, Novosel contends, presumably under the miscarriage-of-justice-prong, that his appeal waiver is unenforceable. He argues that he agreed to a plea bargain that did not include an appeal waiver provision and, although he subsequently agreed to include an appeal waiver provision in the plea agreement at the change-of-plea hearing, that modification to the agreement is not enforceable because it was not supported by any new consideration. He also contends that he did not knowingly and voluntarily agree to the appeal waiver and that some of the issues he wishes to raise on appeal are outside the scope of the appeal waiver.

*I. Validity of Appeal Waiver*

*A. Background*

It is undisputed that the written plea agreement sent to and agreed to by defendant during the plea negotiations did not include an appeal waiver provision. The defense counsel involved in the negotiations, Mr. Richards, has submitted an affidavit stating that an appeal waiver was never discussed during the plea negotiations and that he intentionally did not raise the issue. Opp'n to Mot. to Enforce, Ex. E, at 1. At the plea hearing, the district court inquired about the absence of an appeal waiver, and the government replied it had been omitted inadvertently. Mot. to Enforce, Ex. 2 (Plea Hr'g Tr.) at 31-32. The prosecutor then asked defense counsel, Mr. Houdek, if defendant had "any objection to the standard waiver of the right to appeal," and Mr. Houdek immediately said, "No,"

without expressing any concern or objection. *Id*. at 32. The district court ordered a recess to give counsel time to review the appeal waiver with Novosel.

Following the recess, Novosel represented to the court that he had read the plea agreement and discussed it with counsel and understood that it now included a waiver of his right to appeal. *Id*. at 34-35. The district court probed Novosel's understanding of the appeal waiver at great length, and Novosel repeatedly represented to the court that he knowingly and voluntarily agreed to waive his right to appeal any sentence determination made by the court so long as the sentence imposed was within the advisory guideline range determined appropriate by the court. *Id*. at 35-39. The district court explicitly informed Novosel that unless he was sentenced above the advisory guideline range, he was waiving his right to appeal "any of [the court's decisions with regard to [his] sentence or anything else that has happened in the case." *Id*. at 35. Novosel told the court he understood this. Further, although Novosel initially included an objection to the appeal waiver in his objections to the presentence report, at the subsequent sentencing hearing, Novosel represented to the court that he was withdrawing that objection and waiving any objection to the inclusion of the appeal waiver in the plea agreement. Mot. to Enforce, Ex. 3 (Sentencing Hr'g Tr.) at 3.

## B. Pre-Existing Duty Rule

In support of his current claim that the appeal waiver is unenforceable, and therefore unlawful, Novosel cites to a general contract principle, often referred to as the pre-existing duty rule, that past consideration is insufficient to support a new contract modification. *See, e.g.*, *Restatement (Second) of Contracts* § 73 (1981) (noting general rule that performance of a pre-existing legal duty is not consideration); *Contempo Design, Inc. v. Chicago & N.E. Ill. Dist. Council of Carpenters*, 226 F.3d 535, 550 (7th Cir. 2000) (en banc) ("The pre-existing duty rule states that promising to perform a duty that already is owed under an existing contract is not consideration, and, thus, a modification to the contract is unenforceable."). The purpose of the rule is "to prevent coercive modifications." *Contempo Design*, 226 F.3d at 550.

Notably, the general pre-existing duty rule relied upon by Novosel is not a universally accepted principle of contract law. Indeed, it has been abolished for sales of goods under the Uniform Commercial Code. *See* U.C.C. 2-209(1) ("An agreement modifying a contract within this Article needs no consideration to be binding."). One circuit court has recently noted that "[a]ll of the most influential treatises urge courts to avoid using the preexisting duty rule if even minimal consideration supports the contract." *Johnson v. Seacor Marine Corp.*, 404 F.3d 871, 875 (5th Cir. 2005). One such treatise states that "[t]he pre-existing duty rule is undergoing a slow erosion and . . . is destined to be overturned," and

cautions that "[a] court should no longer accept this rule as fully established [and] should never use it as the major premise of a decision, at least without giving careful thought to the circumstances of the particular case." 2 Joseph M. Perillo & Helen H. Bender, *Corbin on Contracts* § 7.1, at 342 (rev. ed. 1995).

A well-established exception to the preexisting duty rule is that contracts that have not been fully performed may be modified without new consideration if the modification is fair and equitable. *See Restatement (Second) of Contracts* § 89 (1981) ("A promise modifying a duty under a contract not fully performed on either side is binding . . . if the modification is fair and equitable in view of circumstances not anticipated by the parties when the contract was made . . . ."). As explained below, at the time Novosel accepted the appeal-waiver modification, not only was the plea agreement wholly executory, it was not yet binding because the district court had not yet accepted Novosel's guilty plea.

*C. Formation of a Binding Plea Agreement*

"The law governing the interpretation of plea agreements is an amalgam of constitutional, supervisory, and private contract law concerns." *United States v. Wood*, 378 F.3d 342, 348 (4th Cir. 2004). This court has recognized that the "[r]ules of contract law inform the interpretation and enforcement of promises in a plea agreement." *United States v. Rockwell Int'l Corp.*, 124 F.3d 1194, 1199

(10th Cir. 1997).[1] The Second Circuit has recognized that a plea agreement can be challenged for lack of consideration, *United States v. Brunetti*, 376 F.3d 93, 95 (2d Cir. 2004) (per curiam), and this court has assumed so for the sake of argument, *United States v. Hernandez*, 134 F.3d 1435, 1437-38 (10th Cir. 1998). Novosel does not point us to, and we were unable to locate, any case applying the pre-existing duty rule to a plea-agreement modification, however.

Although the interpretation of a plea agreement may be informed by contract law, the formation and acceptance of a binding plea agreement is governed by Federal Rule of Criminal Procedure 11. *See United States v. Partida-Parra*, 859 F.2d 629, 634 (9th Cir. 1988) ("The formation of binding plea agreements is governed not by the Uniform Commercial Code, but by the Federal Rules of Criminal Procedure, which requires, among other things, that the court approve the plea agreement.").

> In most cases, contract principles will be wholly dispositive because neither side should be able, any more than would be private contracting parties, unilaterally to renege or seek modification simply because of uninduced mistake or change of mind. A plea agreement, however, is not simply a contract between two parties. It necessarily implicates the integrity of the criminal justice system and

---

[1] We recognize, however, that the application of contract principles may be tempered by public policy constraints. *See Hahn*, 359 F.3d at 1318. Thus, the court evaluates plea agreements and appeal waivers in light of the defendant's reasonable understanding at the time of the guilty plea, *United States v. Guzman*, 318 F.3d 1191, 1195-96 (10th Cir. 2003), and strictly construes the scope of an appellate waiver in favor of the defendant, *United States v. Taylor*, 413 F.3d 1146, 1152 (10th Cir. 2005).

requires the courts to exercise judicial authority in considering the plea agreement and in accepting or rejecting the plea.

*Wood*, 378 F.3d at 348 (quotations and alterations omitted).

"A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest." *Mabry v. Johnson*, 467 U.S. 504, 507 (1984) (holding, where government withdrew more favorable plea bargain when defendant sought to accept it, that defendant did not have any due process right to have first offer specifically enforced unless and until it was accepted by the trial court). Courts have held that under Rule 11, "[a] plea agreement, and therefore any modification of a plea agreement, must be accepted by the court before it is binding." *United States v. Floyd*, 1 F.3d 867, 870 (9th Cir. 1993); *see also United States v. Gonzalez*, 918 F.2d 1129, 1133 (3d Cir. 1990) ("[A] plea agreement is neither binding nor enforceable until it is accepted in open court.").

Here, when the government sought to add an appeal waiver provision at Novosel's plea hearing, the district court had not yet accepted Novosel's guilty plea or the plea agreement. Under the type of plea agreement at issue here, the district court was free to "accept the agreement, reject it, or defer a decision until

[it] . . . reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A).[2] The district court did not accept either Novesel's guilty plea or the plea agreement until after the parties had added the appeal waiver to the plea agreement and the court had questioned and advised Novosel in accordance with Rule 11(b)(1)-(3), including informing him of his appeal rights and the terms of the appeal waiver provision.

It is clear under Rule 11 that, until the moment the court accepted his guilty plea, Novosel was free to withdraw his guilty plea "for any reason or no reason." Rule 11(d)(1). By the same token, because the court had not yet accepted his guilty plea, Novosel retained the choice to either accept the appeal-waiver modification or reject the modification and proceed to trial when the government proposed adding the appeal-waiver provision to the plea agreement. *See id.*[3]

---

[2] The government agreed, under Rule 11(c)(1)(A), to dismiss four of the six counts in Novosel's indictment. It further agreed, under Rule 11(c)(1)(B), to recommend a two-level reduction in the applicable offense level, a sentence at the low end of the advisory guideline range, and not to request an upward departure. Under Rule 11(c)(3)(A), a court may accept, reject or defer acceptance of a Rule 11(c)(1)(A) plea agreement. When the agreement is the type specified in Rule 11(c)(1)(B), "the court must advise the defendant that [he] has no right to withdraw the plea if the court does not follow the recommendation or request." Rule 11(c)(3)(B). The district court gave Novosel this advisement at the Rule 11 hearing.

[3] Once a defendant's guilty plea is entered and accepted by the court, however, the defendant is bound by the plea agreement, subject to the provisions of Rule 11(d)(2).

Rule 11 does not address whether there are circumstances under which a signed plea agreement may be binding on the government prior to the defendant's entry of a guilty plea. The Supreme Court has held that when a prosecutor withdraws a plea agreement before the defendant enters his plea, the defendant cannot specifically enforce it. *Mabry*, 467 U.S. at 511. This court has held, under *Mabry*, that a prosecutor was entitled to withdraw an oral plea offer before the defendant accepted it and before it was accepted by the court. *United States v. Randel*, 8 F.3d 1526, 1528 (10th Cir. 1993). The Ninth Circuit has held that the government is not bound to the written plea agreement it entered into with defendant until the district court accepts the plea agreement, but it recognized the possibility that "where detrimental reliance is shown, the government may be bound even before the district court accepts the agreement." *United States v. Kuchinski*, 469 F.3d 853, 857-58 (9th Cir. 2006); *see also Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled.").

Novosel argues the modification altered the bargain at the heart of his plea agreement and that he is entitled to receive the benefit of his original bargain. He does not, however, contend he detrimentally relied upon the original plea agreement or provide any basis for asserting a detrimental reliance claim. The Eighth Circuit has held that where a defendant learns of a change to the plea

agreement by the government before he enters his guilty plea, he cannot be said to have detrimentally relied upon the prior plea agreement. *United States v. Coon*, 805 F.2d 822, 825 (8th Cir. 1986). In *Coon*, the government and the defendant agreed to a written plea agreement that included an erroneous potential maximum fine of $25,000, rather than the actual maximum fine of $250,000. The day before the plea hearing, the government notified defendant of the correct maximum fine. Before he entered his plea, the defendant told the court he knew the maximum fine could be $250,000. The court imposed a $100,000 fine, and the defendant then argued the fine could not exceed the $25,000 limit represented to him in the original plea agreement. He claimed he was "boxed in" and had no choice but to go through with the plea even though he was told of the higher fine. Citing *Mabry*, the Eighth Circuit held that defendant had no constitutional contract-like expectation interest in the original agreement. *Id*. at 824. Defendant sought to distinguish *Mabry* by claiming detrimental reliance, citing the fact that he had provided information to the government under the original agreement. The Eighth Circuit disagreed, ruling that until the moment that the defendant entered his guilty plea, he retained the option to plead not guilty and proceed to trial, and thus, suffered no detrimental reliance. *Id*. at 825. "The only change in position that can be considered 'detrimental reliance' is the actual entry of an involuntary guilty plea." *Id*.

Here, as in *Coon*, Novosel learned of and voluntarily agreed to the change to the plea agreement before he entered his guilty plea. He did not seek to withdraw from the plea agreement on the basis that he had intended to preserve his appeal rights, nor did he inform the court that he even had an expectation that he would preserve his appeal rights. To the contrary, defense counsel immediately and without any discussion or objection told the court that Novosel was willing to include a standard appeal waiver provision in the plea agreement. Novosel did not then tell the court, nor does he now claim that inclusion of an appeal waiver was in any way the result of any governmental coercion, threats or misrepresentations. The district court found, based on Novosel's representations to the court, that he understood and voluntarily entered into the appeal waiver. As in *Coon*, he cannot have detrimentally relied upon the original plea agreement because he was free to accept the change and enter his plea or to reject the change and proceed to trial.

In *Mabry*, the Court made clear the relevant test: "A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him . . . must stand unless induced by threats . . . , misrepresentation . . . , or . . . promises that are by their nature improper . . . ." 467 U.S. 509 (brackets and quotation omitted). We conclude that under these circumstances, where the parties voluntarily modified the executory plea agreement prior to the district court's acceptance of Novosel's guilty plea, and

-13-

there is no showing of any detrimental reliance that might bind the government to the plea agreement before entry of the plea, the pre-existing duty rule is inapplicable. We find no error that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings," *Hahn*, 359 F.3d at 1327 (quotation omitted), and, therefore, do not find that enforcing the appeal waiver will result in any miscarriage of justice.

*Knowing and Voluntary*

Novosel next contends that he did not knowingly and voluntarily agree to the appeal waiver because he was not aware new consideration was required for the modification. As explained above, however, new consideration was not required to add an appeal-waiver provision to the executory plea agreement prior to Novosel's entry of his guilty plea or the district court's acceptance of the plea agreement. Novosel claims that he was not sure what was happening with respect to the addition of the appeal waiver, but this assertion is directly contrary to the representations he made to the district court that he did understand the terms of the appeal waiver and he did knowingly and voluntarily agree to the waiver. "[S]tatements made in a plea colloquy are presumed to be true." *United States v. Edgar*, 348 F.3d 867, 873 (10th Cir. 2003). The language of the plea agreement states that defendant entered the agreement knowingly and voluntarily and the record shows that the district court conducted an adequate Rule 11 colloquy. *See Hahn*, 359 F.3d at 1325. Novosel has failed to meet his "burden to present

evidence from the record establishing that he did not understand the waiver." *Id*. at 1329.

*Scope of Appeal Waiver*

Novosel first contends that his three ineffective assistance of counsel claims are outside the scope of the appeal waiver and that he should be permitted to pursue these claims on direct appeal. His docketing statement lists "[i]neffective assistance of counsel based on the record," "[c]ounsel's failure to negotiate a more favorable plea agreement," and "[c]ounsel's failure to object to trial court errors in advising [him] of the penalties." Docketing Statement at 4. We assume for the sake of argument that these ineffective assistance claims relate – as they must – to counsel's negotiation of the appeal waiver. *See Hahn*, 359 F.3d at 1327. Novosel concedes that ineffective assistance of counsel claims must ordinarily be raised in a collateral 28 U.S.C. § 2255 proceeding. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005); *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir.) ("This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel."), *cert. denied*, 126 S. Ct. 550 (2005). Indeed, his plea agreement preserves his right to bring a § 2255 motion asserting a claim that counsel was ineffective in connection with the negotiation of the appeal waiver. He contends, however, that some of counsel's errors are plain from the record. We disagree;

-15-

any ineffective assistance claim would have to rely on extra-record exchanges between counsel and client that are beyond our purview.

Finally, Novosel seeks to assert an appellate claim that the district court failed to ensure there was a factual basis for his guilty plea to the § 924(c) firearms charge. Though the appeal waiver states that he waives the right to appeal "any matter in connection with [the] prosecution, conviction and sentence," Novosel argues this broad waiver language is limited by the provision's subsequent description of those aspects of his sentence that he could and could not appeal under the waiver. We find no ambiguity, however. The provision's more detailed description of the contours of his waiver with regard to sentencing issues in no way limits its broad waiver of his right to appeal any matter in connection with his prosecution and conviction, which would include his claim that the district court failed to ensure there was a sufficient factual basis for his guilty plea.

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement and DISMISS the appeal. The mandate shall issue forthwith.