**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BWOMI E.V. MUBA,

Defendant-Appellant.

No. 07-3017
(D.C. No. 06-CR-10181-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.


Bwomi E.V. Muba pled guilty, pursuant to a plea agreement, to four counts

of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), and the district

court sentenced him to sixty months' imprisonment. Although the plea agreement

included a waiver of his right to appeal, Mr. Muba filed a notice of appeal

seeking to challenge the degree of downward departure granted by the

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss this appeal.

I

Under the terms of the plea agreement, Mr. Muba waived his right to appeal any sentence imposed within the guidelines range determined appropriate by the district court, unless the court departed upwards from the applicable sentencing guideline range determined by the court. The plea agreement provided that if the government determined that Mr. Muba provided substantial assistance, the government would ask the district court to consider reducing the sentence he would otherwise receive under the applicable statutes or sentencing guidelines. *See* 18 U.S.C. § 3553(e); 28 U.S.C. § 994(n); U.S.S.G. § 5K1.1. Even if the government filed a motion for a reduction in sentence due to substantial assistance, the plea agreement provided that the district court would still determine the appropriate sentence.

Mr. Muba's presentence report reflected an applicable advisory guidelines range of seventy-eight to ninety-seven months' imprisonment, with Counts 3 and 4 requiring a minimum sentence of sixty months' imprisonment. Based on his substantial assistance to authorities, the government filed a motion pursuant to § 5K1.1 to depart from the guidelines and the mandatory minimum sentence and recommended a sentence of forty-eight months' imprisonment.

The district court, however, determined that Mr. Muba's cooperation was not sufficient to justify a reduction from seventy-eight to forty-eight months' imprisonment. The district court instead sentenced Mr. Muba to sixty months of imprisonment. Mr. Muba appealed, and the government moved to enforce the plea agreement.

II

In *Hahn*, this court held that the waiver of appellate rights will be enforced if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." 359 F.3d at 1325. The government's motion to enforce addresses each factor, but Mr. Muba argues only that his appeal does not fall within the scope of the appellate waiver and, if his appeal does fall within the scope of the waiver, he did not knowingly and voluntarily waive his appellate rights. Accordingly, we address only the first and second *Hahn* factors. See *United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing each *Hahn* factor need not be addressed if defendant does not make argument with respect to that factor).

Mr. Muba argues that his appellate waiver did not preclude him from challenging the degree of departure awarded by the district court under § 5K1.1. To support his argument, he cites to our recent case of *United States v. Gordon*, 480 F.3d 1205 (10th Cir. 2007).

In *Gordon*, the defendant appealed the portion of her sentence requiring her to pay restitution, arguing that the amount of restitution ordered exceeded the Mandatory Victim Restitution Act statutory limits. *Id.* at 1206. The government sought to enforce the plea agreement on the ground that the defendant waived her right to appeal the amount of restitution. *Id.* We held that the defendant could appeal the restitution amount, because she did not waive her right to challenge an unlawful restitution order. *Id.* at 1208-10.

Unlike in *Gordon*, Mr. Muba does not argue that his sentence was unlawful, and there is no question that his sentence is lawful. His mere dissatisfaction with the district court's decision to depart from the guidelines to a lesser extent than recommended by the government is insufficient to grant him a right to appeal in light of the plea agreement provisions that the district court would determine the appropriate sentence and that he reserved his right to appeal only if the district court departed upwards from the applicable guidelines range determined by the court. Furthermore, under the terms of the plea agreement, Mr. Muba agreed he would not request a sentence below the low end of the guidelines range. Accordingly, we conclude that Mr. Muba's appeal falls within the scope of his appellate waiver.

Because we conclude that Mr. Muba's appeal falls within the scope of the appeal waiver, we must also consider his second argument that he did not knowingly and voluntarily enter into the waiver. In determining whether his

waiver of his right to appeal was made knowingly and voluntarily, we consider "whether the language of the plea agreement states that [he] entered the agreement knowingly and voluntarily" and whether there is "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Mr. Muba bears the burden to provide evidence showing he did not enter into the plea agreement knowingly and voluntarily. *Id.* at 1329.

He fails to meet this burden. The language of the plea agreement states that he entered the plea agreement knowingly and voluntarily. At the plea hearing, he affirmed his understanding that if the government filed a motion concerning substantial assistance, the court would decide whether to grant the motion and what sentence to give; that the district court did not know at the time of the plea hearing what his sentence would be; and that the district court was not required to follow the government's recommended sentence. We presume the statements Mr. Muba made during the plea colloquy are true. *See United States v. Novosel*, 481 F.3d 1288, 2007 WL 1087290 at *6 (10th Cir. 2007) (per curiam). Furthermore, Mr. Muba need not know what specific sentence he will receive before his waiver can be valid. *Hahn*, 359 F.3d at 1326-27. Based on the language of the plea agreement and his reaffirmation of the plea agreement's provisions during the Rule 11 colloquy, we conclude Mr. Muba knowingly and voluntarily waived his right to appeal his sentence.

Accordingly, we GRANT the government's motion to enforce the plea agreement and DISMISS the appeal.  The mandate shall issue forthwith.


ENTERED FOR THE COURT
PER CURIAM