FILED
United States Court of Appeals
Tenth Circuit

December 11, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

DAVID VILLAGRANA,

        Defendant-Appellant.

No. 12-2122
(D.C. No. 1:11-CR-01877-MV-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **MURPHY** and **O'BRIEN**, Circuit Judges.

This matter is before the court on the government's motion to enforce the appeal waiver contained in defendant David Villagrana's plea agreement. We grant the government's motion and dismiss the appeal.

Mr. Villagrana pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). At his change-of-plea hearing, he

---

[*]     This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

confirmed to the district court that the plea agreement had been read to him in Spanish, he had discussed it with his attorney, his attorney had answered his questions about it, he had no more questions about it for the court or for his attorney, he was satisfied with his attorney's advice and representation, he had no complaints about his attorney, he was not threatened or coerced into pleading guilty, and he signed the plea agreement freely and voluntarily. *See* Aplee. Mot. to Enforce Appellate Waiver in Plea Agreement, Att. 2, at 13, 26-27, 28-29. The court accepted his guilty plea and determined that his total offense level was 27, his criminal history category was I, and the applicable advisory guideline range was 70-87 months in prison. But Mr. Villagrana was also safety-valve eligible, *see* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2, and the district court sentenced him to 60 months' imprisonment, below the advisory guideline range.

In his plea agreement, Mr. Villagrana waived his right to appeal his conviction or his sentence if his sentence was within or below the applicable advisory sentencing guideline range, as determined by the district court. *See* Aplee. Mot. to Enforce Appellate Waiver in Plea Agreement, Att. 1, at 8-9. Nevertheless, he filed a pro se notice of appeal in the district court. The government filed a motion in this court to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Mr. Villagrana's attorney stated that there are no non-frivolous arguments that can be presented in response to the motion to

enforce, citing *Anders v. California*, 386 U.S. 738, 744 (1967), and filed a motion to withdraw as counsel.

We will enforce an appeal waiver as long as three elements are met: (1) "the disputed appeal falls within the scope of the appellate waiver"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver will [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325, 1327. Mr. Villagrana timely filed a pro se response to the government's motion, raising two arguments. First, he makes a conclusory argument that his appeal does not fall within the appeal waiver because he was tricked into pleading guilty by his attorney and coached as to how to respond to the court during the change-of-plea hearing. He does not explain further, however, and we are not persuaded that his waiver of his appeal rights was not knowing and voluntary. His ineffective-assistance claims should be raised, if at all, in a collateral proceeding under 28 U.S.C. § 2255. *See United States v. Novosel*, 481 F.3d 1288, 1294-95 (10th Cir. 2007) (per curiam). His plea agreement preserves his right to bring a § 2255 motion asserting that his counsel was ineffective in negotiating or entering the plea agreement or appeal waiver. Aplee. Mot. to Enforce Appellate Waiver in Plea Agreement, Att. 1, at 9.

Second, Mr. Villagrana argues that the district court abused its discretion by not reducing his sentence further below the guideline range on account of his certain deportation on account of his conviction. But this argument is not only unsupported,

it also does not relate to the elements we must consider when determining whether to enforce the appeal waiver.

Under *Anders*, we have reviewed the motion and the record, and we conclude that Mr. Villagrana's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325-27.

Accordingly, we GRANT the government's motion to enforce the appeal waiver, GRANT Mr. Villagrana's attorney's motion to withdraw, and DISMISS the appeal.

Entered for the Court
Per Curiam