FILED
United States Court of Appeals
Tenth Circuit

April 29, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALONSO ANILES-MARQUEZ,

Defendant-Appellant.

No. 12-2186
(D.C. No. 1:11-CR-01691-WJ-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **GORSUCH**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Alonso Aniles-Marquez's plea agreement.  We

grant the government's motion and dismiss the appeal.

Mr. Aniles-Marquez pled guilty pursuant to a plea agreement to one count of

possession with intent to distribute more than five grams of methamphetamine, in

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and one count of possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Mr. Aniles-Marquez stipulated in his plea agreement that "[a]t least 35 grams but less than 50 grams of methamphetamine (actual) are attributable to [him]." Mot. to Enforce, Attach. # 1 (Plea Agreement), at 5. He also acknowledged in the plea agreement that the maximum term of imprisonment the court could impose was "a period of not less than 5 years nor more than 40 years." *Id.* at 2. The district court accepted his guilty plea and, after calculating his sentencing guideline range to be 87 to 108 months, sentenced him to 92 months' incarceration on each count, to run concurrently.

As part of his plea agreement, Mr. Aniles-Marquez "knowingly waive[d] the right to appeal [his] conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law." *Id.* at 10. He nonetheless filed an appeal, which prompted the government to file the current motion to dismiss in accordance with *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Mr. Aniles-Marquez's court-appointed attorney filed a response to the government's motion stating that "after a conscientious examination of the record," he concluded "that only frivolous grounds exist by which to oppose the government's motion," and he asked to withdraw from representation. Resp. to Mot. to Enforce at 1; *see also Anders v. California*, 386 U.S. 738 (1967). In light of

counsel's response, we invited Mr. Aniles-Marquez to file a pro se response, which he did.

Mr. Aniles-Marquez lists eleven errors in his response that he contends warrant allowing him to proceed with his appeal. Most of them involve alleged sentencing errors, one involves an alleged error in the government's statement of facts supporting his guilty plea, and another involves his trial counsel's alleged ineffective assistance in not advising him of the immigration consequences of his plea.

We will enforce an appeal waiver as long as three elements are met: (1) "the disputed appeal falls within the scope of the appellate waiver"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver will [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325, 1327. The first factor is satisfied because none of the issues Mr. Aniles-Marquez raises falls outside the scope of his appeal waiver.

The second factor is also satisfied. Mr. Aniles-Marquez does not argue that his waiver of appellate rights was not knowing and voluntary, an element on which he bears the burden of proof, *see United States v. Salas-Garcia*, 698 F.3d 1242, 1254 (10th Cir. 2012). Further, our independent review of the plea agreement and the Rule 11 colloquy demonstrates that his waiver was knowing and voluntary. *See id.* ("[T]he court examines whether the language of the plea agreement states that the

defendant entered the agreement knowingly and voluntarily, and whether there was an adequate Federal Rule of Criminal Procedure 11 colloquy.").

Although Mr. Aniles-Marquez alleges that he was not adequately advised of the immigration consequences of his guilty plea, the plea agreement itself clearly explains those consequences:

> [P]leading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Indeed, because Defendant is pleading guilty to violations of 21 U.S.C. §§ [841](a)(1), (b)(1)(B) and (b)(1)(C), removal is presumptively mandatory. . . . Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea may entail, even if the consequence is Defendant's automatic removal from the United States.

Plea Agreement at 9-10. And the court discussed the immigration consequences of his plea with him as part of the Rule 11 colloquy:

> THE COURT: And as part of your agreement, you're agreeing to be deported following your service of incarceration. You're giving up any hearing before you are deported. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And with that deportation and this criminal conviction, it will be impossible for you to enter the United States lawfully in the future. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.

Mot. to Enforce, Attach. 2 (Plea Hrg. Tr.), at 9. Accordingly, we see no basis for concluding that Mr. Aniles-Marquez did not waive his appellate rights knowingly and voluntarily.

- 4 -

"Under the final factor of *Hahn*, the court will enforce an appellate waiver unless it finds that the enforcement of the waiver would constitute a miscarriage of justice." *Salas-Garcia*, 698 F.3d at 1255 (internal quotation marks omitted). Enforcement of the waiver will constitute a miscarriage of justice only if one of the following circumstances is present: (1) "the district court relied on an impermissible factor such as race"; (2) the "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory minimum"; or (4) "the waiver is otherwise unlawful." *Id.* (internal quotation marks omitted). None of these circumstances are present here. Mr. Aniles-Marquez does contend that his trial counsel was ineffective in advising him of the immigration consequences of his guilty plea, but even if this claim somehow relates to the negotiation of the appeal waiver, Mr. Aniles-Marquez must wait to raise it in a separate proceeding under 28 U.S.C. § 2255. *See United States v. Novosel*, 481 F.3d 1288, 1295 (10th Cir. 2007) (per curiam).

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. Defense counsel's request to withdraw is denied without prejudice to renewal in a proper motion that comports with 10th Cir. R. 46.4. Mr. Aniles-Marquez's request for appointment of counsel is denied as moot.

Entered for the Court
Per Curiam

- 5 -