FILED
United States Court of Appeals
Tenth Circuit

May 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

XAVIER GALVEZ-CHAVEZ,
a/k/a Jose Luis Martinez-Zavala,
a/k/a Alvaro Felix Borquez,
a/k/a Fabio Armenta-Bojorquez,

      Defendant-Appellant.

No. 13-1008
(D.C. No. 1:11-CR-00279-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in the plea agreement executed by defendant-appellant

Xavier Galvez-Chavez. We grant the government's motion and dismiss the appeal.

---

[*]     This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Galvez-Chavez pled guilty pursuant to a plea agreement to a two-count superseding information that charged him with one count of conspiracy to distribute and possess with intent to distribute methamphetamine and one count of illegal reentry after deportation subsequent to an aggravated felony conviction. The plea agreement stated the parties' belief that Mr. Galvez-Chavez would have a total offense level of 33 and a tentative criminal history category of III, which would produce a sentencing guidelines range of 168-210 months. The plea agreement recognized that Mr. Galvez-Chavez had provided assistance to the government and intended to provide further assistance. Accordingly, the plea agreement stated the government's intent to file a U.S.S.G. § 5K1.1 motion recommending that the court depart downward from the applicable guideline range to a range of 100-126 months and providing authority under 18 U.S.C. § 3553(e) to sentence Mr. Galvez-Chavez below the ten-year mandatory minimum for the drug offense.

When the presentence report was prepared, however, it showed that Mr. Galvez-Chavez had a higher criminal history category than anticipated, and the court calculated the applicable guideline range to be 188-235 months. After considering the extent of Mr. Galvez-Chavez's assistance, however, the court accepted the government's motion to depart downward to a range of 100-126 months. The court concluded that a sentence at the high end of this new range was appropriate, and it sentenced Mr. Galvez-Chavez to concurrent terms of 126 months in prison plus 5 years of supervised release.

As part of his plea agreement, Mr. Galvez-Chavez

> knowingly and voluntarily waive[d] the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction; (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court imposes a sentence that exceeds the range provided for a[] total[1] offense level of 33 and a Criminal History Category of III (168-210 months).

Mot. to Enforce, Attach. 1 (Plea Agrmt.), at 4. He also "knowingly and voluntarily waive[d] the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742." *Id.* Despite this waiver, Mr. Galvez-Chavez filed a notice of appeal.

Seeking to enforce the appeal waiver, the government has filed a motion in accordance with *United States v Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Counsel for Mr. Galvez-Chavez has filed a response arguing that the waiver should not be enforced because there is evidence that the waiver was not knowing and voluntary.

We will enforce an appeal waiver as long as three elements are met: (1) "the disputed appeal falls within the scope of the appellate waiver"; (2) "the defendant

---

[1]     As originally drafted, the plea agreement referred to "an adjusted offense level of 33." But at the change of plea hearing, the court and parties agreed that it should more accurately refer to "a total offense level of 33" because Mr. Galvez-Chavez's adjusted offense level was actually 36, but he would reach a "total" offense level of 33 with a 3-point reduction for acceptance of responsibility. *Compare* Mot. to Enforce, Attach. 1 (Plea Agrmt.), at 4, *with id.*, Attach. 2 (Change of Plea Hrg. Trans.), at 3-4.

knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver will [not] result in a miscarriage of justice." *Id.* at 1325, 1327.

In his docketing statement,[2] Mr. Galvez-Chavez lists the following issues for appeal:

> (1)  Whether this appeal is barred by the partial waiver of appeal rights in the plea agreement;
>
> (2)  Whether the sentence imposed is unreasonable and excessive;
>
> (3)  Whether the more-than-usual cooperation by Defendant/Appellant with the government was given proper weight and consideration by the Government and by the Court; [and]
>
> (4)  Whether trial-court counsel provided reasonably effective representation (which would likely have to be addresses in a subsequent proceeding under 28 U.S.C. § 2255).

*United States v. Galvez-Chavez*, No. 13-1008, Docketing Stmt., at 3.

As described above, the appeal waiver in the plea agreement waived all matters in connection with the prosecution, conviction or sentence except matters in three narrow categories relating to sentencing. None of Mr. Galvez-Chavez's issues falls within one of those categories. Accordingly, all the proposed issues are within the scope of the waiver.

Nonetheless, we "will only enforce appeal waivers that defendants enter into knowingly and voluntarily." *United States v. Salas-Garcia*, 698 F.3d 1242, 1254

---

[2]     The docketing statement was filed by Mr. Galvez-Chavez's appointed trial counsel, who moved to withdraw on appeal. We appointed new counsel, who filed the response to the government's motion to enforce.

(10th Cir. 2012) (internal quotation marks omitted). To determine whether the appeal waiver was knowing and voluntary, we will "examine[] whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily, and whether there was an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.* Mr. Galvez-Chavez bears the burden of showing his waiver was not knowing and voluntary. *See id.*

In his response, Mr. Galvez-Chavez points to several facts that, he contends, show that his waiver was not knowing and voluntary under the totality of the circumstances. First, although he was given a copy of the plea agreement in Spanish, he has no formal education and does not read Spanish well. Second, he did not sign the plea agreement until the day of the change of plea hearing. Third, a change was made to the wording of the plea agreement (*see supra* note 1), but he was not asked whether he understood the change. Fourth, the calculation of his criminal history category turned out to be higher than the parties contemplated when the plea agreement was signed. And fifth, he was not happy with his appointed counsel and twice moved to obtain new counsel, but his requests were denied.

When viewed in light of the district court record, however, these facts--either singly or together--do not demonstrate that the appeal waiver was not knowing and voluntary. Based upon our review of the plea agreement, the extensive Rule 11 colloquy, and the district court filings concerning Mr. Galvez-Chavez's attempts to

obtain new counsel, we conclude that he knowingly and voluntarily waived his right to appeal.

Under the final factor of *Hahn*, the court will enforce an appellate waiver unless it finds that "the enforcement of the waiver would constitute a miscarriage of justice." *Id.* at 1255 (internal quotation marks omitted). Enforcement of the waiver may constitute a miscarriage of justice only if one of the following circumstances is present: (1) "the district court relied on an impermissible factor such as race"; (2) the "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory minimum"; or (4) "the waiver is otherwise unlawful." *Id.* (internal quotation marks omitted). Mr. Galvez-Chavez's docketing statement lists a potential claim of ineffective assistance of trial counsel. But even if the claim relates to trial counsel's negotiation of the plea agreement, Mr. Galvez-Chavez must wait to raise it in a separate proceeding under 28 U.S.C. § 2255. *See United States v. Novosel*, 481 F.3d 1288, 1295 (10th Cir. 2007) (per curiam). And his plea agreement specifically reserves his right to do so. *See* Mot. to Enforce, Attach. 1, at 4.

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam