**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOSE BUSTAMANTE-
BUSTAMANTE,

      Defendant - Appellant.

No. 13-2153
(D.C. No. 2:12-CR-01760-RB-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.[**]

Defendant-Appellant Jose Bustamante-Bustamante pleaded guilty to one

count of possession with intent to distribute five kilograms or more of cocaine in

violation of 21 U.S.C. § 841(b)(1)(A) and was sentenced to 36 months'

imprisonment. I R. 22, 23. The district court did not impose a term of supervised

release, notwithstanding the presentence investigation report's ("PSR") indication

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

of a required two- to five-year supervised release under the circumstances. II R. 12. Mr. Bustamante-Bustamante appeals his sentence. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The government argues that pursuant to Mr. Bustamante-Bustamante's signed plea agreement he waived his right to appeal. See I R. 18. Plea agreements waiving appellate rights are generally enforceable, subject to certain exceptions. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). But a plea agreement is not binding until it is accepted by the district court. See United States v. Novosel, 481 F.3d 1288, 1292 (10th Cir. 2007) (per curiam); cf. Fed. R. Crim. P. 11(c)(3)(A). The magistrate judge who accepted Mr. Bustamante-Bustamante's guilty plea deferred acceptance of the plea agreement to the sentencing judge after obtaining consent to take the plea. I R. 36, 47. The sentencing judge did not expressly accept the plea agreement, referencing only the appeal waiver contained therein. I R. 59. While we have recognized "constructive acceptance" of plea agreements, United States v. Leyva-Matos, 618 F.3d 1213, 1216 n.1 (10th Cir. 2010), there is too little to go on here, see United States v. Chino, 331 F. App'x 592, 596-97 (10th Cir. 2009) (unpublished)[1]; see also Fed. R. Crim. P. 11(c)(4); Benchbook for U.S. District Court Judges 129-30 (6th ed.) (March 2013) (instructing sentencing judges to

---

[1] We cite this case only for its persuasive value. Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

- 2 -

expressly accept or reject provisions of deferred plea agreements). In an abundance of caution, we will proceed to the merits of Mr. Bustamante-Bustamante's appeal.

Mr. Bustamante-Bustamante claims the district court failed to comply with Fed. R. Crim. P. 32(i)(1)(A), which requires the court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report," because the court posed the question to his attorney rather than to him directly. Aplt. Br. 3.

"We have rejected a reading of this language that would require the district court to gain this information by directly questioning the defendant." United States v. Romero, 491 F.3d 1173, 1179 (10th Cir. 2007) (citing United States v. Rangel-Arreola, 991 F.2d 1519, 1525 (10th Cir. 1993)). Defense counsel can speak for the defendant and acknowledge that they both have read the PSR. Id. at 1179-80. At the outset of the sentencing hearing, the district court asked, "Counsel, have you and the Defendant both had an opportunity to review and discuss the Presentence Report including any addenda or revisions that may have been made since the initial disclosure?" I R. 51. Counsel replied, "We have." Id. This is enough to satisfy Rule 32(i)(1)(A). Romero, 491 F.3d at 1179-80. Moreover, Mr. Bustamante-Bustamante acknowledges that we require a showing of prejudice resulting from a district court's failure to determine whether a defendant read the PSR, see id. at 1180, but does not attempt to satisfy that

- 3 -

burden, <u>see</u> Aplt. Br. 5.  We reject his argument.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge