**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DONALD NORTON,

    Defendant - Appellant.

No. 16-2029
(D.C. No. 1:13-CR-03527-MV-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Following his acceptance of a plea agreement that included a waiver of his right to appeal, Donald Norton pleaded guilty to aggravated sexual abuse in violation of 18 U.S.C. § 2241(a). He was sentenced to 275 months' imprisonment. Despite his waiver, Norton filed an appeal. The government has moved to enforce Norton's appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

_____

[*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Norton's counsel has filed a response, "conced[ing] that, under the standard announced in [*Hahn*], the plea agreement's appeal waiver is enforceable with respect to this direct appeal." Aplt. Resp. at 1. Norton reserved the right to assert an ineffective-assistance claim in a 28 U.S.C. § 2255 proceeding.

Our independent review confirms that Norton's appeal waiver is enforceable. The issue he seeks to raise—ineffective assistance of counsel—cannot be brought on direct appeal. *See United States v. Novosel*, 481 F.3d 1288, 1294 (10th Cir. 2007) (holding ineffective-assistance claims must be brought in a collateral proceeding even where defendant seeks to invalidate an appellate waiver on that basis). The plea agreement also clearly sets forth the appeal waiver and states that it was knowing and voluntary, and the district court confirmed Norton's understanding of his appeal waiver during his change of plea hearing. Moreover, we see no evidence contradicting Norton's knowing and voluntary acceptance of the appeal waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce is granted and this matter is dismissed.

Entered for the Court
Per Curiam

2