FILED
United States Court of Appeals
Tenth Circuit

December 26, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARMANDO JASSO-HERRERA,

Defendant-Appellant.

No. 12-4173
(D.C. No. 1:11-CR-00109-TS-2)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **MATHESON**, Circuit Judges.

After accepting a plea agreement that included a waiver of his right to appeal,

Armando Jasso-Herrera pleaded guilty to one count of possession with intent to

distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C.

§ 841(a)(1). The district court determined that his advisory sentencing guideline

range was 108 to 135 months. It sentenced him at the bottom of the Guideline range.

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Despite the waiver, Mr. Jasso-Herrera appealed. The government has now moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, in evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In his response to the government's motion, Mr. Jasso-Herrera presents an argument concerning only the second of these factors: whether he knowingly and voluntarily waived his appellate rights. Accordingly, we consider only that factor.

> When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to two factors. First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy.

*Id.* (citation omitted).

Mr. Jasso-Herrera does not attack the language in the plea agreement he signed, which recited that he "knowingly, voluntarily and expressly waive[d his] right to appeal." *See* Statement by Def. in Advance of Plea of Guilty, at 3, 4. He concedes "that the written waiver contains no ambiguities," but argues that "examination of the district court's rule 11 colloquy suggests that ambiguities were created by unclear statements by the sentencing court." Aplt. Resp., at 9. In addition, he argues that "[s]tatements by the prosecutor in describing the waiver also

- 2 -

created ambiguity regarding the scope of the waiver." *Id.* at 12. These ambiguous statements, he contends, prevented him from making a knowing and voluntary waiver of his right to appeal.

In support of this argument, Mr. Jasso-Herrera cites *United States v. Wilken*, 498 F.3d 1160 (10th Cir. 2007). In *Wilken*, this court held that the sentencing court's mischaracterization of the appellate waiver during a plea colloquy, prior to the defendant's signing of the plea agreement and entry of his guilty plea, created a material ambiguity concerning the scope of an otherwise unambiguous plea waiver contained in the defendant's plea agreement. Given this ambiguity, this court refused to apply the waiver to the issues raised on appeal. *Id.* at 1167-69.

*"Severely Limited" Right to Appeal*

Mr. Jasso-Herrera identifies three statements that he claims made the scope of his appeal waiver materially ambiguous. First, the district court addressed him during the Rule 11 colloquy as follows:

> One of the important agreements is that you are giving up your right to appeal except in very narrow circumstances. To be specific, you can appeal if this Court were to impose a sentence above the 40-year statutory maximum sentence. I can assure you that will not happen. You would also have a right to appeal if after a presentence report has calculated a guideline range, a range of months within which your sentence is likely to fall, and I impose a sentence above that guideline range, you could appeal that. Or if the government decides to appeal it, you could appeal your sentence as well. But short of one [of] those things happening, *your right to appeal the sentence will be severely limited.*

Change of Plea Tr., at 16 (emphasis added).

Mr. Jasso-Herrera argues that when the district court stated that his right to appeal for reasons outside of those specified in the plea agreement would be "severely limited," rather than, for example, "nonexistent," this created a material ambiguity concerning the scope of his appeal waiver. *See* Aplt. Resp., at 11. We disagree. The district court properly identified the three specific circumstances under which the plea agreement permitted Mr. Jasso-Herrera to appeal. But even if none of these circumstances existed, he could still appeal if, for example, he could establish that he did not knowingly waive his appellate rights or that enforcement of the waiver would result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. Mr. Jasso-Herrera fails to show that the district court's failure to enumerate and further discuss these or any other "severely limited" possibilities created a material ambiguity concerning the scope of the otherwise broad and unambiguous written appeal waiver.

Mr. Jasso-Herrera also argues that his response to the above language shows that he was confused about sentencing procedures and the consequences of his appeal waiver. Immediately after advising him of his very limited right to appeal, the district court asked, "Do you understand that?" to which Mr. Jasso-Herrera replied, "Yes." Change of Plea Tr., at 16. But Mr. Jasso-Herrera then added, "So one thing. If I get the [statutory minimum of] five years, that's what it's going to be? It can't go up or go down?" *Id.* While this interpolation may illustrate that Mr. Jasso-Herrera was confused about the relevant sentencing range, it does not show that the district

court's statement created a material ambiguity concerning the scope of the appeal waiver. In any event, the district court's response to his question attempted to clear up any ambiguity: "It may. [It] can't be below that. It could be above that, depending on what the Court thinks is a reasonable sentence for you." *Id.* at 17. To which Mr. Jasso-Herrera responded, "Okay." *Id.*

*Statement at Conclusion of Sentencing*

Second, Mr. Jasso-Herrera argues he was confused by the district court's statement *at the conclusion of sentencing* that

> the Court would remind you that the plea agreement that you entered into in this case did contain a waiver of your right to appeal. It is possible, however, that there may be something about either your conviction or the sentence that you just received from this Court that you believe is not covered by that waiver. Should that be the case and you conclude that you do have something to appeal, you need to understand, with few exceptions, any notice of such an appeal must be filed within 14 days of judgment being entered in this case.

Sentencing Tr., at 10.

In *Wilken*, an ambiguity concerning the scope of the waiver was created *before* the defendant entered his plea and signed the plea agreement containing the waiver. 498 F.3d at 1168. By contrast, the statement Mr. Jasso-Herrera points to could not have created an ambiguity or affected his decision to waive his right to appeal because it was made at sentencing, several months *after* he had already signed the plea agreement. *See id.* at 1167 ("[A] sentencing court's statements made *after* the entry of the appeal waiver and the district court's acceptance of the guilty plea cannot

- 5 -

overcome the plain language of the appeal waiver to create ambiguity where none exists in the written plea agreement." (internal quotation marks omitted)).

In any event, the district court did not suggest that Mr. Jasso-Herrera had the right to appeal issues covered by the waiver. He merely reminded him of the appeal waiver and told Mr. Jasso-Herrera that if, notwithstanding the waiver, "you believe" or "you conclude" that an appealable issue exists not covered by the waiver, any notice of appeal must be filed within 14 days of judgment. Sentencing Tr., at 10. These statements did not create a material ambiguity. *See United States v. Smith*, 500 F.3d 1206, 1212 (10th Cir. 2007) ("When a defendant waives certain appellate rights in a plea agreement, the district court . . . should inform the defendant that he has a right to appeal the sentence only to the extent that the defendant has not waived that right in the plea agreement.").

### *Prosecutor's Statement*

Finally, Mr. Jasso-Herrera complains that the government's statements created a material ambiguity concerning his appeal waiver. When the prosecutor was asked to describe the basic provisions of the plea agreement, he explained the appeal waiver as follows:

> He will waive any right to appeal either his conviction or his sentence, either directly or collaterally. *There are provisions I won't go into about the waiver, depending on what the government does*, but it's basically that he agrees that he will waive his right to appeal his sentence.

Change of Plea Tr., at 15 (emphasis added).

The prosecutor apparently was referring to the provision in the plea agreement that released Mr. Jasso-Herrera from his appeal waiver if the United States appealed from his sentence. Statement by Def. in Advance of Plea of Guilty, at 4. The prosecutor may have believed it unnecessary to describe this provision in detail because he had only been asked "to outline the basic provisions of the agreement," Change of Plea Tr., at 15, or because the government did not anticipate an appeal from Mr. Jasso-Herrera's sentence. But in any event, the district court clarified later in the hearing that an appeal by the government would release Mr. Jasso-Herrera from the appeal waiver. *See id.* at 16. We discern no material ambiguity created by the prosecutor's statement.

*Alternative Requests for Relief*

In addition to making the foregoing arguments, Mr. Jasso-Herrera's counsel requests two other forms of relief. First, he asks that if we find the waiver enforceable under the first two *Hahn* factors, Mr. Jasso-Herrera be permitted "to identify any possible claims of ineffective assistance regarding the negotiation of the appellate waiver at issue." Aplt. Resp., at 13. As counsel acknowledges, however, *see id.* at 13 n.1, ineffective assistance claims regarding the negotiation of an appeal waiver "must ordinarily be raised in a collateral 28 U.S.C. § 2255 proceeding," *United States v. Novosel*, 481 F.3d 1288, 1295 (10th Cir. 2007). Thus, it would be inappropriate to present them here. Counsel provides no reason to depart from the rule in this case.

Second, citing *Anders v. California*, 386 U.S. 738, 744 (1967), counsel argues that if the waiver is enforceable, counsel may file an *Anders* brief and "Mr. Jasso-Herrera should be directed to identify any issues that he believes to be outside the scope of the appeal waiver." Aplt. Resp., at 14. This request is unnecessary. While counsel was free to argue in response to the government's motion to enforce the appeal waiver, that in light of the waiver there were no non-frivolous issues to be presented, and to move to withdraw from representing Mr. Jasso-Herrera under *Anders*, that is not what he did. Instead, he presented a non-frivolous argument concerning the waiver. Having presented such an argument, albeit unsuccessfully, counsel need take no further action pursuant to *Anders* regarding the merits of the appeal, which will be dismissed. Nor is Mr. Jasso-Herrera entitled to file a pro-se responsive pleading, for he has already received the benefit of his attorney's non-frivolous appellate argument concerning the appeal waiver.

The motion to enforce is granted, and this appeal is dismissed.

Entered for the Court
Per Curiam