FILED
United States Court of Appeals
Tenth Circuit

February 13, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHNNIE RAY BRAGG, JR.,

Defendant-Appellant.

Nos. 13-6167 & 13-6168
(D.C. Nos. 5:12-CR-00065-D-1 &
5:13-CR-00032-D-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

After entering into a plea agreement that included a waiver of his right to
appeal, Johnnie Ray Bragg, Jr. pleaded guilty to one count of conspiracy to possess
with intent to distribute and distribution of ecstasy, in violation of 18 U.S.C. § 846,
and one count of conspiracy to commit money laundering, in violation of 18 U.S.C.
§ 1956(h). Before his sentencing, he sent a threatening letter to a cooperating

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

witness. As a result, he accepted another plea agreement with an appeal waiver and pleaded guilty to one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(1). At a joint sentencing, in the first case the district court ordered him to serve 480 months of imprisonment. Then, in the second case, it imposed a consecutive sentence of 46 months of imprisonment. Mr. Bragg appealed in both cases. The government has moved to enforce both appeal waivers under *United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc) (per curiam).

*Hahn* sets forth three factors to evaluate an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

### *Appeal No. 13-6167*

Appeal No. 13-6167 arises from the first case, the drug-conspiracy and money-laundering convictions that resulted in the 480-month sentence. In response to the motion to enforce in this appeal, Mr. Bragg argues that none of the *Hahn* factors are satisfied because his counsel was ineffective. He asserts that issues regarding counsel's performance are outside the scope of the appeal waiver; his acceptance of the plea agreement was not knowing and voluntary because counsel did not adequately explain the government's case against him and made misrepresentations to him; and ineffective assistance of counsel satisfies *Hahn*'s definition of a miscarriage of justice.

A defendant cannot waive "ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). The docketing statement filed in this appeal, however, indicates that Mr. Bragg seeks to raise other issues, including challenges to the Guidelines calculations and the district court's sentencing decisions. These issues fit within the broad scope of the appeal waiver, which provides that Mr. Bragg will not "[a]ppeal . . . his guilty plea, sentence and restitution imposed, and any other aspect of his conviction" or "[a]ppeal . . . his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case." Mot. to Enforce, Attach. I-1 at 9.

Mr. Bragg also relies on his ineffective-assistance allegations in discussing the other *Hahn* factors. He acknowledges that ineffective-assistance claims generally should be brought in a collateral attack, rather than on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). This rule applies even when a defendant seeks to invalidate an appeal waiver based on ineffective assistance of counsel. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *Hahn*, 359 F.3d at 1327 n.13. Mr. Bragg nevertheless asserts that this court should hear his claim in this direct appeal because "the issue was raised to the district court and was ruled upon by the district court and a sufficient factual record exists." Aplt. Resp. at 8; *see United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011)

("[T]his court has considered ineffective assistance of counsel claims on direct appeal in limited circumstances, but only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists.").  The record, however, urges otherwise.

First, Mr. Bragg did not adequately assert an ineffective-assistance claim before the district court.  In moving to withdraw his guilty plea, Mr. Bragg made assertions regarding his counsel's performance, but he did not analyze the factors set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The court noted that Mr. Bragg "suggest[ed], without stating expressly, that [counsel] provided ineffective assistance," but that he made few specific allegations, and he would be required to satisfy *Strickland*'s two-factor test.  R. Vol. 1 at 200.  The district court then explicitly found that "Defendant has failed to assert an ineffective assistance claim against [counsel]." *Id.*

Second, the factual record remains undeveloped.  One of Mr. Bragg's complaints on appeal is that the district court did not hold an evidentiary hearing on his motion to withdraw his plea,

> thereby denying Mr. Bragg the opportunity to cross examine his trial counsel and the prosecutors on critical fact questions regarding statements they made to him and which he asserts were the reasons that caused him involuntarily to enter pleas of guilty and sign a plea agreement waiving his statutory rights to appeal.  Without a[n] evidentiary hearing and the cross-examination of witnesses by Mr. Bragg, the district court's decision that the plea waiver was enforceable was premature.

Aplt. Resp. at 8-9.  This argument confirms that, given the nature of Mr. Bragg's allegations, this appeal does not fit into the narrow exception for hearing ineffective-assistance claims on direct appeal.  "[A]ny ineffective assistance claim would have to rely on extra-record exchanges between counsel and client that are beyond our purview."  *United States v. Novosel*, 481 F.3d 1288, 1295 (10th Cir. 2007) (per curiam).

For these reasons, we decline to depart from the general rule that ineffective-assistance claims should be heard in collateral proceedings rather than on direct appeal.  To pursue his claims of ineffective assistance of counsel, Mr. Bragg will have to proceed under 28 U.S.C. § 2255.  The motion to enforce the appeal waiver is granted and appeal No. 13-6167 is dismissed, without prejudice to Mr. Bragg's ability to bring a § 2255 motion claiming ineffective assistance of counsel to the extent permitted by his collateral-attack waiver and applicable precedent, including *Cockerham*.

### *Appeal No. 13-6168*

Appeal No. 13-6168 arises from the witness-tampering conviction that carried the consecutive 46-month sentence.  In response to the government's motion to enforce the appeal waiver, Mr. Bragg asserts that the appeal is outside the scope of the waiver because, by imposing a consecutive sentence for this conviction, the district court upwardly deviated from the advisory Guidelines range of 46 to 57 months.

Mr. Bragg's plea agreement specifically reserves his "right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case." Mot. to Enforce, Attach. II-1 at 6. Mr. Bragg's 46-month sentence, however, was at the bottom end of the Guidelines range determined by the district court to apply to this case. Mr. Bragg cites no authority for the proposition that ordering this sentence to run consecutive to the 480-month sentence makes this sentence an above-Guidelines sentence, and we are not persuaded. Even if the district court erred under 18 U.S.C. § 3584(a), as Mr. Bragg asserts, the appeal is within his broad waiver of his right to "[a]ppeal . . . his . . . sentence . . . and any other aspect of his conviction" and to "[a]ppeal . . . his sentence as imposed by the Court and the manner in which the sentence is determined." Mot. to Enforce, Attach. II-1 at 5-6.

Mr. Bragg makes no argument regarding the remaining *Hahn* factors in this appeal, and we need not consider a *Hahn* factor that the defendant does not contest, *see Porter*, 405 F.3d at 1143. The motion to enforce the appeal waiver is granted and appeal No. 13-6168 is dismissed.

*Conclusion*

The joint motion to enforce the appeal waivers in appeal Nos. 13-6167 and 13-6168 is granted and the appeals are dismissed.

Entered for the Court
Per Curiam