FILED
United States Court of Appeals
Tenth Circuit

February 28, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHNNIE RAY BRAGG, JR.,

    Defendant - Appellant.

No. 24-6125
(D.C. No. 5:12-CR-00065-D-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **BACHARACH**, and **CARSON**, Circuit Judges.

_____

Johnnie Ray Bragg, Jr., proceeding pro se, appeals the district court's denial of

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Bragg appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.  BACKGROUND

In 2012, Mr. Bragg was indicted in a multi-defendant, 47-count indictment involving drug and money laundering activity.  He pled guilty in August 2012  to two counts:  (1) conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B), and (2) money laundering conspiracy in violation of 18 U.S.C. § 1956(a)(1), (h).

In February 2013, Mr. Bragg was indicted for attempted witness tampering in the drug case in violation of 18 U.S.C. § 1512(b)(1).  He pled guilty.

In July 2013, the district court held a combined sentencing hearing in the two cases.  In the drug case, it varied downward from the advisory United States Sentencing Guidelines ("Guidelines") range and sentenced Mr. Bragg to 480 months in prison on the drug count and 240 months on the money laundering count, to be served concurrently.  In the witness-tampering case, it imposed a 46-month prison term, to run consecutively to the 480-month sentence.

When Mr. Bragg appealed, we dismissed based on the appeal waivers contained in his plea agreements.  *United States v. Bragg*, 554 F. App'x 781, 784 (10th Cir. 2014).  The district court denied his subsequent motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  We later denied his request to file a second-or-successive § 2255 motion.

In 2021, Mr. Bragg filed a motion for compassionate release or sentence reduction.  The district court denied the motion, relying on the sentencing factors described in 18 U.S.C. § 3553(a) in light of the new facts he presented that allegedly

established extraordinary and compelling reasons for relief. The court concluded that reducing Mr. Bragg's 40-year prison sentence was not warranted under the § 3553(a) factors. It also denied his motion for reconsideration. We affirmed. *United States v. Bragg*, No. 22-6164, 2023 WL 5126855, at \*3 (10th Cir. Aug. 10, 2023).

The district court also dismissed two other motions Mr. Bragg filed to reduce his sentence under § 3582(c)(2) based on retroactive amendments to the Guidelines, concluding that he was ineligible for relief.

In 2024, Mr. Bragg filed the motion for compassionate release at issue here. The district court again proceeded directly to the § 3553(a) factors and again concluded they weighed heavily against reducing Mr. Bragg's sentence. The court cited the seriousness of his criminal conduct and the original reasons it had imposed his existing sentence. It said intervening legal developments did not affect the sentence, and it denied the motion.

On appeal, Mr. Bragg claims the district court abused its discretion by (1) failing to recalculate his advisory Guideline range in light of a Guideline amendment relating to converted drug weight; (2) addressing the § 3553(a) factors without considering other steps in the compassionate-release analysis; and (3) failing to address dangerousness.

## II. **DISCUSSION**

We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). A district court abuses its discretion if it makes "an incorrect conclusion of

3

law or a clearly erroneous finding of fact." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013).

## A. *Compassionate Release*

With a few "narrow exceptions," federal courts lack authority to modify a term of imprisonment once imposed. *Hemmelgarn*, 15 F.4th at 1029. A compassionate release motion under § 3582(c)(1) is one of those exceptions. *See id.* A district court may grant compassionate release if it finds that:

(1) "extraordinary and compelling reasons warrant" a reduced sentence;

(2) a "reduction is consistent with applicable policy statements" from the Sentencing Commission; and

(3) a reduction is warranted after considering the applicable sentencing factors listed in 18 U.S.C. § 3553(a).

18 U.S.C. § 3582(c)(1)(A) ; *accord United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). A court may deny compassionate release if it finds that any of these requirements is lacking. *See Maumau*, 993 F.3d at 831 n.4; *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) The district court denied Mr. Bragg's motion based on the third requirement.

## B. *Mr. Bragg's Arguments*

### 1. Amendment 808

Mr. Bragg argues the district court abused its discretion by filing to recalculate his sentence in light of Guideline Amendment 808, which replaced the term "marihuana equivalency" with the term "converted drug weight." U.S. Sent'g

Guidelines Manual, Supp. App. C, amend. 808 (Reason for Amendment) (eff. Nov. 1, 2018). But that amendment was "not intended as a substantive change in policy." *Id.* Instead, it merely changed the terminology used in the Guidelines, a change that did not result in any potential Guideline adjustments. Amendment 808 therefore did not require the district court to recalculate Mr. Bragg's Guideline range.

### 2. **Reliance on the § 3553(a) Factors**

Mr. Bragg contends the district court erred in denying his motion based on the applicable § 3553(a) factors without making findings on the other two compassionate release factors. But the district court is permitted to deny a compassionate release motion based on any of the three factors without reaching the other two. *See McGee*, 992 F.3d at 1043. The district court therefore did not abuse its discretion in resolving the motion based on the third requirement.[2]

### 3. **Dangerousness and the 18 U.S.C. § 3142**

The second factor in the compassionate release analysis calls for the district court to consider "applicable policy statements issued by the Sentencing Commission." *Maumau*, 993 F.3d at 831. The Guideline policy statement applicable to § 3582(c)(1)(A) motions provides that a court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it determines that (1) extraordinary and

---

[2] Mr. Bragg also states the district court abused its discretion in failing to review his motion on an "[i]ndividualized case by case basis." Aplt. Br. at 2. This language appears in *McGee* as part of its discussion of the first factor, *see McGee*, 992 F.3d at 1047, and does not require a district court to discuss all three factors.

compelling reasons warrant the reduction (or that the defendant meets certain age- and incarceration-related criteria); (2) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a) (2023). Because the district court resolved Mr. Bragg's motion by applying the third factor, it was not required to consider this policy statement. The court was therefore not required to consider dangerousness under § 3142(g).[3]

### III. CONCLUSION

Mr. Bragg has not shown the district court abused its discretion in denying his motion for compassionate release, through its reliance on the § 3553(a) factors. We therefore affirm the district court's order.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[3] Mr. Bragg also argues the district court failed to consider his rehabilitation. Aplt. Br. at 3-4. To the extent his argument refers to the § 3553(a) analysis, the court stated it had considered § 3553(a) factors in light of his alleged change in circumstances, and that his sentence remained appropriate. It quoted verbatim much of its analysis from its order denying Mr. Bragg's 2021 compassionate release motion, which stated that the sentencing factors, including the need to protect the public, remained unchanged from the time of sentencing. In that previous order, the district court referred specifically to Mr. Bragg's evidence of rehabilitation, stating that, although commendable, "his rehabilitation thus far does not warrant relief from an appropriate sentence." R., vol. 1 at 283. Mr. Bragg thus fails to show the district court abused its discretion by failing to expressly discuss his evidence of rehabilitation in the order now on appeal.