**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TYLER DON WATKINS,

    Defendant - Appellant.

No. 24-6065
(D.C. No. 5:22-CR-00428-SLP-1)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Defendant Tyler Don Watkins pled guilty to one count of being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3). Defendant's plea agreement contained a provision that limited his right to appeal his conviction or sentence unless the sentence imposed fell outside specified parameters, such as the United States Sentencing Guideline (U.S.S.G.) range:

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

> Defendant waives the right to appeal Defendant's sentence, including any restitution, and the manner in which the sentence is determined, including its procedural reasonableness. If the sentence is above the advisory Guidelines range determined by the court to apply to Defendant's case, this waiver does not include Defendant's right to appeal the substantive reasonableness of Defendant's sentence.

The plea agreement also limited Defendant's right to collaterally challenge or move to modify his conviction or sentence, except for claims based on ineffective assistance of counsel.

During the plea hearing, the district court asked Defendant, among other questions, if he understood that by signing the plea agreement he agreed to waive his right to appeal or collaterally challenge his sentence "except in some very limited circumstances that are laid out in the plea agreement." He responded, "[y]es, your Honor." The district court then asked him if he fully understood the nature of the charges against him, the possible punishment he faced, and the constitutional rights that he was entitled to and was waiving, "including the right to appeal." Defendant again responded, "[y]es, your Honor."

Defendant's presentence report (PSR) calculated an offense level of 29 and a criminal history category of II, resulting in a Guideline range of 97–121 months' imprisonment. The district court denied Defendant's motion for a downward variance and sentenced him to a term of 97 months' imprisonment.

After Defendant timely filed his appeal, his attorney filed an Anders brief, asserting that the appeal lacked any meritorious basis and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738, 744–45 (1967); see also United

States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (explaining that under Anders, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous"). Defendant received notice of counsel's Anders brief but chose not to respond. The government also declined to file a response brief.

Under Anders, this court must "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." Calderon, 428 F.3d at 930 (quoting Anders, 386 U.S. at 744). "If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal." Id.

In his Docketing Statement, Defendant identified the issue he raises on appeal: "Defendant believes this sentence was unreasonable." As outlined above, Defendant waived his right to appeal the substantive reasonableness of his sentence unless the sentence "is above the advisory Guidelines determined by the Court to apply to Defendant's case." Thus, Defendant may avoid the plea agreement's appellate waiver only if his sentence was above the acceptable Guideline range.

The district court determined that the Guideline for a violation of 18 U.S.C. § 922(g)(3) is U.S.S.G. § 2K2.1. Because Defendant possessed semiautomatic firearms capable of accepting a large capacity magazine and was a prohibited person described in 18 U.S.C. § 922(g), the PSR calculated a base offense level of 20. After adjusting for Defendant's special offense characteristics, as well as his acceptance of responsibility, the PSR calculated a total offense level of 29. Considering his total

offense level of 29 and his criminal history category of II, the PSR calculated his Guideline imprisonment range as 97 months to 121 months.

The district court adopted the PSR's calculations during sentencing and imposed upon Defendant a sentence of 97 months' imprisonment. This sentence is within the properly calculated Sentencing Guideline range, and besides stating that his "sentence was unreasonable" in his Docketing Statement, Defendant does not argue otherwise. We also detect no issues with Defendant's plea agreement or the plea colloquy. Because Defendant's sentence is within the Guideline range, Defendant's plea agreement precludes his right to appeal his sentence.

The waiver provision of Defendant's plea agreement precludes Defendant's appeal, and because none of its exceptions apply, we conclude that any appellate challenges would be frivolous. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we grant counsel's motion to withdraw and dismiss Defendant's appeal.[1]

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[1] In her brief, Defendant's counsel has identified only one conceivable basis for avoiding the appeal waiver: ineffective assistance of counsel. But Defendant did not claim ineffective assistance of counsel in his Docketing Notice, and counsel's errors, if any, are not "plain from the record." United States v. Novosel, 481 F.3d 1288, 1295 (10th Cir. 2007). Here, "any ineffective assistance claim would have to rely on extra-record exchanges between counsel and client that are beyond our purview." Id.